UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

| Case No. | CV 15-3033 DSF (JPRx) | Date | 7/10/15 |
|---|---|---|---|
| Title | Silvia Maldonado v. Target Corporation, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order DENYING Plaintiff's Motion to Remand (Dkt. No. 12)

   Plaintiff Silvia Maldonado moves to remand this action, which Defendant Target Corporation removed based on diversity jurisdiction under 28 U.S.C. § 1332.  The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.  The hearing set for July 20, 2015 is removed from the Court's calendar.

   Plaintiff contends that Target has not adequately proven its principal place of business is in the state of Minnesota.  The only apparent authority cited for this proposition is Vechayiem v. Target Corp., No. CV 09-04811 RGK (AGRx), 2009 WL 2579190 (C.D. Cal. Aug. 18, 2009), in which the court determined that California was Target's principal place of business for purposes of 28 U.S.C. § 1332.  Vechayiem is of no value to Plaintiff.  The Vechayiem court reached its conclusion based on the "place of operations" test, which the Ninth Circuit had permitted as an alternative to the "nerve center" test.  See Hertz Corp. v. Friend, 559 U.S. 77, 91 (2010) (describing various tests applied across Circuits).  The United States Supreme Court has since rejected the "place of operations" test as a method for determining a corporation's principal place of business; courts instead must apply the "nerve center" test, which analyzes where "the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination."  Id. at 93.  Target has established that Minnesota is its principal place of business under the "nerve center" test; Target's executive offices have been located in Minnesota since 1902 and 91% of Target's "Headquarters" employees work in the state of Minnesota.  (See Declaration of Jared E.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

Johnson ¶¶ 3-5.)  Complete diversity exists.

Although immaterial to the Court's analysis, the Court has declined to consider the Declaration of Michael P. Green, which was submitted in support of Plaintiff's motion. This declaration does not mention Target – the lone named Defendant in this case – but instead concerns Albertson's LLC.  Plaintiff offers no reason why Albertson's is in any way relevant to this action.  More than anything, this poor draftsmanship – portions of the motion also refer to Albertson's – reflects the borderline frivolous nature of Plaintiff's motion.  Plaintiff is admonished to avoid such oversights and carelessness in the future.

The motion to remand is DENIED.

IT IS SO ORDERED.